UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Brian Wease, | ) | CASE NO. 5:17 CV 1799 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Tuscarawas County Job/Family | ) | AND ORDER |
| Services, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Brian Wease has filed a civil rights complaint in this action against Tuscarawas County Job and Family Services, Tuscarawas County Commissioners, Tuscarawas County Social Worker Jaime Grunder, the Tuscarawas County Court of Common Pleas, and Judge Linda A. Kate. (Doc. No. 1.) In his complaint, he alleges his constitutional rights were violated during state child custody proceedings that resulted in the revocation of his and his wife's parental rights, which he "seeks to remedy via this action by obtaining custody" of his daughter. (*Id*. at 9.)

Federal courts, however, are courts of limited jurisdiction and must dismiss any case in which they determine federal subject-matter jurisdiction is lacking. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The Court finds this action must be dismissed for lack of subject-matter jurisdiction.

Federal courts lack jurisdiction to issue child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616–17, 2003 WL 22097852, at *1–2 (6th Cir. Sept. 4, 2003) (internal citation omitted). Thus, even when a plaintiff raises other claims, federal courts do not have jurisdiction when the "core" issue in the case is one of domestic relations, meaning that the plaintiff seeks a divorce, alimony, or a child custody decree. *See Catz v. Chalker*, 142 F.3d 279, 291 (6th Cir.1998), *opinion amended on rehearing*, 243 F.3d 234 (6th Cir. 2001), *overruled on other grounds*, *Coles v. Granville*, 448 F.3d 853, 859 n. 1 (6th Cir. 2006).

Here, although the plaintiff asserts violations of his federal constitutional rights, the "core" issue in his complaint is one of domestic relations because he is challenging a child custody determination made with respect to his daughter and seeking relief in the form of a custody decree in his favor. This Court lacks jurisdiction to such as case. Further, "federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct [a] state court judgment." *Danforth*, 76 F. App'x at 616. This Court lacks jurisdiction because the instant case essentially seeks an impermissible federal review of a state-court domestic relations judgment.

## Conclusion

Accordingly, this action is dismissed for lack of federal subject-matter jurisdiction. The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: January 25, 2018         */s/ John R. Adams*
                               JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE